**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:15-cr-00158-JCM-CWH |
| ) | **ORDER** |
| vs. ) | |
| CESAR SILVA, ) | |
| Defendant. ) | |

Before the Court is Defendant Cesar Silva's ("defendant") motion for a court order to subpoena discovery related to defendant's traffic stop (doc. # 17), filed September 15, 2015, the government's response (doc. # 18), filed October 2, 2015, and defendant's reply (doc. # 19), filed October 5, 2015.

## BACKGROUND

On June 2, 2015, a federal grand jury in the District of Nevada returned a one-count indictment against defendant for Felon in Possession of a Firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). See Doc. # 1; Doc. # 3.

## DISCUSSION

In his motion, defendant asks the Court to enter an order requiring the Las Vegas Metropolitan Police Department ("LVMPD") to produce discovery relating to defendant's traffic stop.[1] According

---

[1] Defendant seeks a Court order requiring the LVMPD to produce: (1) any and all documentation, records, video footage, and audio recordings regarding Event # 150519000436, including but not limited to, the Computer Aided Dispatch ("CAD"), Mobile Data Terminal ("MDT") logs, Incident Recall Logs, Audit Trail Transaction Lists, Administrative Messages, audio recordings of all communications records/audio files of radio transmissions, including base to car, car to base, car to car and telephonic calls with time stamps, involving any LVMPD officers and Detectives requesting or receiving Wants and Warrants Check Channel, Field Interview Card Checks, the notification regarding field interviews for Cesar Silva and Omar Villalpando, motor vehicle information, all records checks on any LVMPD communications channel or MDT, any statements by Cesar Silva and Omar Villalpando, any body camera video footage; and (2) a certificate of non-existence to the extent that any of the requested items do not exist. See Doc. # 17-1 at 8.

to defendant, his attorney attempted to obtain the requested information directly from the government, with the government attorney telling defense counsel that she would first speak with the case agent and officers, but never getting back to defense counsel since that time. Defendant also contends that the information requested is relevant, as it will determine whether defendant will be filing a motion to suppress challenging the officer's "prolong[ed]" traffic stop. Doc. # 17 at 6. Defendant further contends that the discovery requested is admissible and could be used to potentially impeach government witnesses, serve as a public record pursuant to Rule 803(8) of the Federal Rules of Evidence ("FRE"), and serve as a record of regularly conducted activity pursuant to Rule 803(6) of the FRE.

The government, in response, argues that defendant fails to show the relevance, admissibility, and specificity of the information requested. In support, the government argues that the requested information includes items that: (1) have already been produced in the regular course of discovery; (2) do not exist; and (3) are not permitted or sufficient under Rule 17(c) of the Federal Rules of Criminal Procedure ("FRCP"). The government adds that Rule 17(c) subpoenas are designed to produce documents for use at trial, and not for use as a discovery tool or as a basis for a fishing expedition. The government then argues that despite the narrow realm of potential materials informing defendant's request, defendant asks for "an extensive list of items without explaining or connecting any of them to the alleged evidence sought via the subpoena." Doc. # 18 at 4. Thus, the government concludes that the instant motion should be denied. However, if the Court is inclined to grant defendant's motion, the government asks that the subpoena be modified and limited to "the notification requesting field interviews of the defendant and Mr. Villalpando."[2] Id. at 5.

In reply, defendant contends that while the government now makes representations regarding some of the information requested, a subpoena is still necessary given the government's "incomplete and late-coming production of discovery" to ensure that defendant has all documents regarding the field interview requests. Doc. # 19 at 2. Defendant explains that the government has produced some redacted documents, with defendant objecting to the redaction of these documents, and failed to produce other documents, including the field interview cards and field interview request the officer

---

[2] Mr. Villalpando was with defendant at the time of the traffic stop.

received for Mr. Villalpando. Defendant also contends that while the government takes issue with the "broad" nature of the request, specifically naming the documents in the subpoena is appropriate because it is "highly unlikely the LVMPD would turn over the item" or "issue a comprehensive certificate of non-existence" absent such specification. Id. at 5. Defendant further contends that it included items previously provided by the government out of an abundance of caution and in light of the government's past history of selectively producing information. Moreover, while the government challenges defendant's ability to issue a Rule 17(c) subpoena for a motion to suppress, defendant contends that Rule 17(c) contains no such limitation and that the government took "no position" for a similar request in a different case, United States v. Robert Brown, No. 2:15-cr-00053-LRH-VCF. As such, defendant asks the Court to grant his request.

Under Rule 17(c) of the FRCP, a court has discretion to direct that a subpoena duces tecum for documents and objects be made returnable before trial. See Fed.R.Crim.P. 17(c)(1); United States v. Phua, No. 2:14-CR-00249-APG-PAL, 2014 WL 4830182, at *2 (D. Nev. Sep. 30, 2014). However, Rule 17(c) is not a discovery device and may be used only to obtain evidentiary materials. See United v. Sellers, 275 F.R.D. 620, 622 (D. Nev. 2011). The burden is on the moving party to show "good cause" for the production of materials before trial. Id. at 623. In determining whether "good cause" exists, courts generally follow the standard established by United States v. Iozia, 13 F.R.D. 335 (D.C.N.Y. 1952). See Phua, 2014 WL 4830182, at *3; United States v. Estes, No. 3: 15-CR-015-LRH-VPC, 2015 WL 5780274, at *1 (D. Nev. Oct. 1, 2015). "Good cause" exists when: (1) the documents at issue are evidentiary and relevant; (2) defendant cannot reasonably procure the documents in advance of trial by exercising due diligence; (3) defendant cannot properly prepare for trial without production and inspection of the documents in advance of trial, and failure to obtain inspection may unreasonably delay trial; and (4) the application is made in good faith and not intended as a general fishing expedition. Iozia, 13 F.R.D. at 338. In addition, the moving party must show that the materials requested are relevant, admissible, and specific. See Estes, 2015 WL 5780274, at *1. Conclusory assertions are insufficient to satisfy the moving party's burden. Id.

//

//

As a preliminary matter, this Court finds that defendant has shown the requested information is: (1) relevant in determining defenses and strategies relating to the circumstances surrounding defendant's (and Mr. Villalpando's) traffic stop; (2) admissible because the information could be used, among others, to potentially impeach government witnesses; and (3) specific in identifying the types of materials sought.

The Court also finds that defendant satisfies the "good cause" requirement under Iozia. First, defendant has shown that the requested materials are not only relevant, but evidentiary to a potential motion to suppress that is to be filed in this matter. See Phua, 2014 WL 4830182, at *3 (court finds requested materials relevant and evidentiary to potential motions to suppress under Iozia). Defendant has also exercised due diligence in attempting to obtain the materials without court intervention in advance of trial. Moreover, defendant has shown how he would be prejudiced if he were unable to obtain the requested information before trial, which could potentially delay trial in this case. Finally, defendant has shown good faith in requesting the materials, and there is no evidence that the request is intended as a fishing expedition. Given such, the Court denies the government's request to limit the subpoena, and grants defendant's motion.

Accordingly, defendant's motion for a court order to subpoena discovery related to defendant's traffic stop (doc. # 17) is **granted**.

DATED: October 8, 2015

_____
C.W. Hoffman, Jr.
United States Magistrate Judge